# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORG GUGGENBERGER, a German citizen and resident, ) ) ) Plaintiff, ) v. ) ) LOUISREALTY LLC, a Maryland ) limited liability company, ) ) Defendant. ) | Case No. 1:19-cv-8059<br><br>Jury Trial Demanded |

## COMPLAINT

NOW COMES Plaintiff, George Guggenberger, by and through his attorneys, REINHOLD F. KRAMMER of MASUDA, FUNAI, EIFERT, & MITCHELL, LTD., and for his Complaint against Defendant, Louisrealty LLC, states as follows:

## NATURE OF THE ACTION

1. This action stems from a data breach that resulted in the theft of Plaintiff's funds. Plaintiff, Georg Guggenberger ("Plaintiff"), entered into a contract to purchase a certain vehicle from Chicago Motor Car Corporation ("Dealer"). While negotiating the purchase of this vehicle, Louisrealty LLC ("Defendant") intercepted sensitive information related to the transaction.

2. Defendant utilized this information to pose as Dealer and to instruct Plaintiff to wire the purchase amount for the vehicle to Defendant.

3. Plaintiff relied upon Defendant's misrepresentations and wired $128,800.00 to Defendant without receiving any benefit in exchange for the transaction.

## THE PARTIES

4. Plaintiff is a German citizen with his principal place of residence in Germany.

5. Defendant is a Maryland limited liability company with its principal place of business located in Lanham, Maryland.

6. Defendant's sole member is Daniel Louis who resides in Lanham, Maryland.

## JURISDICTION & VENUE

7. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00)

8. Jurisdiction in this action is based on diversity of citizenship of the Plaintiff and Defendant pursuant to 28 U.S.C. § 1332, with venue proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND

9. In early 2019, Plaintiff entered into a contract with Dealer for the purchase of an antique vehicle for $128,800.00.

10. Plaintiff and Dealer partly communicated via e-mail to negotiate the terms of this agreement.

11. Plaintiff received an e-mail from Dealer with instructions on how to wire the payment to Dealer pursuant to the terms of the agreement.

12. Subsequent thereto, and unbeknownst to Plaintiff, Defendant, after having hacked into Dealer's computer systems and learning about the terms of the proposed vehicle transaction

and having seen Dealer's email related to Dealer's wire instructions for payment of the vehicle by Plaintiff, using a nearly identical e-mail address as Dealer and misrepresenting itself as Dealer, sent an e-mail on February 14, 2019 to Plaintiff stating that Dealer's wiring instructions were no longer valid because the account had been closed and that the $128,800.00 should be wired using different wiring instructions. See Exhibit "A".

13. Plaintiff followed Defendant's false wiring instructions and remitted payment per the agreed terms in the amount of $128,800.00.

14. Thereafter Dealer informed Plaintiff that it never received the payment.

15. Upon information and belief, Plaintiff's computer network, database, and servers were never accessed by a third party and instead Dealer's computer network, database and server was hacked by Defendant or individuals who control Defendant.

16. Defendant utilized the information he or she intercepted from Dealer in order to pose as Dealer and to instruct Plaintiff to wire to Defendant $128,800.00.

17. Upon information and belief, through this unauthorized access by Defendant of Dealer's systems, it discovered the terms and conditions of the contract between Plaintiff and Dealer.

18. By utilizing this information, Defendant was able to pose as Dealer and instruct Plaintiff to remit payment to the wrong bank account.

## COUNT I - CONVERSION

19. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff intended to make a wire transfer to Dealer's account in exchange for a vehicle from Dealer.

21. Upon information and belief, through a scam perpetrated by Defendant, this payment, through a wrongful conversion, was intercepted by Defendant.

22. Defendant is not entitled to the funds intercepted from Plaintiff and intended for Dealer.

23. Plaintiff is entitled to the immediate, absolute, and unconditional possession of the funds that were intercepted by Defendant.

24. Defendant intentionally interfered with Plaintiff's attempted payment to Dealer and, through this interference, took dominion over the payment, over which Defendant has no legal claim.

25. Defendant's interference has deprived Plaintiff of the possession and use of the funds that were intended for the purchase of the vehicle.

26. As a direct and proximate result of the interference, Plaintiff has suffered damaged in the form of the $128,800.00 payment that was wrongfully converted for the personal benefit of Defendant.

4

#339119v1

*WHEREFORE*, Plaintiff, Georg Guggenberger prays that this Court enter judgment in its favor and against Defendant, Louisrealty, LLC in an amount of $128,800.00, award punitive damages in Plaintiff's favor, award pre-judgment and post-judgment interest, and grant any further relief this Court deems just and appropriate.

## COUNT II - FRAUD

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraph 1 through 26 as through fully set forth herein.

28. Defendant falsely posed as Dealer and improperly instructed Plaintiff to wire payment for the bargained-for vehicle to Defendant's bank account.

29. These statements and instructions were false statements of material facts.

30. Defendant knew that these statements and instructions were false.

31. Defendant made these statements and instructions with the intent to induce Plaintiff to remit payment to Defendant.

32. Plaintiff reasonably believed these statements and instructions and acted in justifiable reliance on the truth of these statements and instructions in instituting the wire transfer.

33. As a direct and proximate result of Defendant's false statements and instructions, Plaintiff suffered actual damages.

34. Further Defendant has been unjustly enriched by receiving funds from Plaintiff that were intended for Dealer.

**WHEREFORE**, Plaintiff, Georg Guggenberger prays that this Court enter judgment in its favor and against Defendant, Louisrealty LLC, in an amount of $128,800.00, award punitive damages in Plaintiff's favor, award pre-judgment and post-judgment interest, and grant any further relief this Court deems just and appropriate.

Dated: December 9, 2019  Respectfully submitted,

By: /s/ Reinhold F. Krammer
Reinhold F. Krammer, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
203 N. LaSalle Street, Suite 2500
Chicago, IL 60601
(312) 245-7500
Fax: (312) 245-7467
rkrammer@masudafunai.com

Attorneys for Plaintiff, George Guggenberger

6

#339119v1